IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| R. ALAN SAYLES, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | CASE NO. _____ |
| | § | |
| v. | § | JURY DEMAND |
| | § | |
| AMERICAN HOMEPATIENT, INC., | § | CLASS ACTION |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

**TO THE JUDGE OF THIS HONORABLE COURT:**

This class action is respectfully brought by Plaintiff R. Alan Sayles on behalf of himself and all other similarly situated against Defendant American HomePatient, Inc. (d/b/a American HomePatient®) for fraudulent and unconscionable billing practices and overcharges. For the reasons set forth in this Complaint as will be shown in discovery, a class should be certified and Defendant should be required to disgorge any and all overcharges, and be forced to pay restitution and attorneys' fees to the Plaintiff and the class members.

### I.

### THE PARTIES

1. Plaintiff R. Alan Sayles is an individual residing in Dallas County, Texas.

2. Defendant American HomePatient, Inc. is an incorporated business with its principal place of business at 5200 Maryland Way, Suite 400, Brentwood, TN 37027. It may be served with process at its principal place of business.

### II.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the controversy under 28 U.S.C. § 1332(d)(2). The Plaintiff and Defendant are citizens of different states and at least one class

member is believed to be a citizen of a state that is different than the Defendant. The aggregate value of the class claims is believed to exceed $5,000,000 exclusive of interest and costs.

4. This Court also has subject matter jurisdiction over the action under 28 U.S.C. § 1331 and 15 U.S.C. § 1693m(g).

5. This Court has personal jurisdiction over the Defendant because it resides and has its principal place of business in this state.

6. Venue is proper in this district because the Defendant resides and has its principal place of business in this district.

## III.

## FACTUAL ALLEGATIONS

7. The term "CPAP" stands for "Continuous Positive Airway Pressure." According to certain authorities, people who have sleep apnea, or other irregular breathing challenges, utilize a CPAP machine to increase the air pressure in one's throat so that the airway does not collapse when he breathes in.

8. The typical CPAP configuration includes a machine that pumps air or oxygen, a mask for the user's mouth and/or nose (depending on the person), and other ancillary accoutrements such as air filters, straps, carrying cases.

9. Plaintiff, Mr. Sayles grew up in Gatlinburg, TN, and played football at Vanderbilt from 1967-1971. He also happens to be a CPAP user to help him breathe at night, which in turn helps him get a restful sleep.

10. Defendant offers and sells CPAP supplies to people like Mr. Sayles who become regular and repeat customers.

11. Defendant's website advertises that it is a dedicated to customer care and therapies and that it serves over a million customers in the United States alone.

12. Defendant allows customers to place online and telephone orders for supplies and then offers to charge their credit or debit cards, or send a bill.

13. However, on or about June 23, 2014, Mr. Sayles placed an order with Defendant, wherein they charged his credit card which had been on file.

14. Then, approximately a month later, they sent Mr. Sayles a physical bill requesting payment for the same items. The invoice stated that "THIS AMOUNT IS PAYABLE UPON RECEIPT."

15. Checks were directed to be sent to a PO Box in Atlanta, GA.

16. Mr. Sayles immediately and dutifully sent a check to pay for the items in the total amount due, not realizing that he had already paid for the items via his credit card a month prior.

17. This same thing happened again this past July in 2015, however, this time Mr. Sayles caught the error, and discovered the overpayment back in 2014.

18. Incensed, Mr. Sayles telephone customer service who agreed that they had known of this problem for a long time and that it "happened all the time."

19. Seeing no other means to correcting this problem, Mr. Sayles bring this suit on behalf of himself and all others similarly situated to both correct prior injuries and prevent future ones.

## IV.

## CLASS ALLEGATIONS

20. The FACTUAL ALLEGATIONS above are hereby incorporated by reference as if fully set forth herein.

21. This action is brought on behalf of a class consisting of the following persons:

> All ascertainable persons in the United States who, between January 1, 2009 and the date of judgment, placed an order with Defendant, and were double billed or double charged by Defendant. Excluded from the Class are Defendant, its corporate parent, subsidiaries and affiliates, officers and directors, any entity in which defendant has a controlling interest, and the legal representatives, assigns of any such excluded persons or entities, and the attorneys for Plaintiff herein. Also excluded from the Class are any judges presiding over these proceedings and their immediate family members.

**ORIGINAL COMPLAINT** PAGE 3

Case 3:15-cv-00856 Document 1 Filed 08/06/15 Page 3 of 10 PageID #: 3

(the "Class").

22. **Typicality**: Plaintiff' claims are typical of other Class members' claims because Plaintiff, like every other Class member, was exposed to virtually identical conduct and was double billed and double charged.

23. **Numerosity**: The members of the Class are so numerous that joinder of all members is impracticable. While the exact numbers of Class members are unknown to Plaintiff at this time, Plaintiff notes that Defendant charges and bills around a million customers every year.

24. **Ascertainability**. The identities of individual Class members are readily ascertainable through appropriate discovery from records maintained by Defendants and their agents.

25. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual members do not have a significant interest in individually controlling the prosecution of separate actions. No difficulty will be encountered in this case's management to preclude maintenance as a class action.

26. **Common Questions of Law and Fact Predominate**: The questions of law and fact common to the Class predominate over questions affecting only individuals. Among the questions of law and fact common to the Class are:

- ✓ Whether class members were double-billed;
- ✓ Whether class members were double charged;
- ✓ Whether class members' private payment information was utilized improperly;
- ✓ Whether Defendant unlawfully charged Plaintiff' and Class members' credit or debit cards;
- ✓ Whether Defendant breached its contracts with the Class;

- ✓ Whether Defendant acted fraudulent with regards to its billing practices;
- ✓ Whether Defendant's profits should be disgorged and if so, the proper calculation therefor;
- ✓ Whether the Class is entitled to restitution and if so, the proper calculation of such restitution;
- ✓ Whether Defendant has been unjustly enriched at the expense of the Class;
- ✓ Whether Defendant violated federal law with regards to the handling of sensitive information such as payment information;
- ✓ Whether Defendant violated the Electronic Funds Transfer Act;
- ✓ Whether the Class is entitled to injunctive relief;
- ✓ Whether the Class are entitled to damages, and if so, the proper calculation of said damages.

27. **Manageability**: The Class litigation will be manageable because all issues are identical, and individualized calculation of damages can be accomplished methodically by an expert via the use of data and information provided by Defendant and its agents.

28. **Adequacy**: Plaintiff can fairly and adequately represent the Class's interests; Plaintiff have no conflicts of interest with other Class members, and have retained counsel competent and experienced in class action and complex civil litigation.

V.

## CLAIMS FOR RELIEF

### First Claim for Relief
### Fraud

29. The FACTUAL ALLEGATIONS above are hereby incorporated by reference as if fully set forth herein.

30. Plaintiff and the Class each had a contract to purchase goods from Defendant.

31. Defendant agreed to provide goods to the Plaintiff and to each Class member for payment of a specific amount.

ORIGINAL COMPLAINT     PAGE 5

32. Defendant caused Plaintiff and the Class members to pay more than the amount in the contract.

33. Defendant failed to inform Plaintiff that it had already withdrawn money from one payment source when it sent him another bill.

34. Defendant affirmatively misrepresented the amount owing on the later invoice.

35. Defendant failed by omission to inform Plaintiff and each of the Class members that the bill was already satisfied and therefore, did not have an amount owed.

36. The misrepresentation of the amount owing and the omission of the satisfaction are material to any payment arrangement and Plaintiff reasonably relied on same to make another payment.

37. Plaintiff and each of the Class members was fraudulently induced to make a second payment due to the omission.

38. Defendant's acts and omissions were knowing and intentional as part of a formal or informal policy to double bill and double charge customers.

39. As a result of this fraudulent, Plaintiff and the Class have been knowingly and fraudulently induced into making additional payments, and accordingly seek disgorgement, restitution, damages, punitive damages, consequential damages, attorneys' fees and costs, and any such other relief as the Court may award.

### Second Claim for Relief
### Negligence

40. The FACTUAL ALLEGATIONS above are hereby incorporated by reference as if fully set forth herein.

41. Plaintiff and the Class each ordered goods from Defendant.

42. Defendant agreed to provide goods to the Plaintiff and to each Class member for payment of a specific amount.

43. That amount was paid by Plaintiff and the Class members directly, or on their behalf by a third-party payor.

Case 3:15-cv-00856   Document 1   Filed 08/06/15   Page 6 of 10 PageID #: 6

44. Defendant failed to monitor and institute the most basic measures to ensure that payments were properly accounted for and that orders that were already paid for by customers were not issued another invoice for payment.

45. Defendant likewise failed to monitor or institute basic measured to ensure that when it received payment for orders with no outstanding balance due, it would promptly reject, return, or refund such overpayments due to its error rather than retaining them.

46. Defendant violated its fundamental duty of care it owed to its customers and has committed negligence.

47. As a result of Defendant's negligence, Plaintiff and the Class have been double billed and double charged for goods which entitled them to disgorgement, restitution, damages, punitive damages, attorneys' fees and costs.

### Third Claim for Relief
### Violation of the Electronic Funds Transfer Act

48. The FACTUAL ALLEGATIONS above are hereby incorporated by reference as if fully set forth herein.

49. The Electronic Funds Transfer Act ("EFTA") establishes the rights, liabilities, and responsibilities of participants in an electronic fund transfer system under 15 U.S.C. § 1693. The primary objective of the EFTA "is the provision of individual consumer rights."

50. Plaintiff and each member of the Class each maintained an "account" as that term is defined in 15 U.S.C. § 1693a(2), and are "consumers" as that term is defined in § 1693a(5).

51. Defendant engaged in "unauthorized electronic funds transfers," as that term is defined in 15 U.S.C. § 1693a(11), by removing funds the accounts of Plaintiff and the members of Class without their proper prior written authorization in violation of 15 U.S.C. § 1693m.

52. Defendant knowingly committed the foregoing overcharges and/or failed to maintain procedures reasonably adapted to detect, avoid or correct the double-billing or double charges.

53. As a result of the unlawful charges, Plaintiff and the Class seek actual damages equal to the wrongful charges, statutory damages of $500,000 for the class, and the costs of the action, reasonable attorneys' fees, and other further relief as the Court deems appropriate.

## Fourth Claim for Relief
### Unjust Enrichment

54. The FACTUAL ALLEGATIONS above are hereby incorporated by reference as if fully set forth herein.

55. By improperly billing Plaintiff's and the Class members' as set forth herein and providing no meaningful incremental benefits, services or products, Defendants received unearned financial gains and unjustly retained the financial gains at Plaintiffs' and the Class' expense.

56. It would be inequitable for Defendants to retain the profits, benefits, and other compensation obtained from its wrongful conduct as alleged herein.

57. As a result of this unjust enrichment, Plaintiffs and the Class seek monetary compensation as damages and restitution in an amount sufficient to compensate them for their losses. These losses include the amount Defendants were unjustly enriched by the unauthorized charges to Plaintiff and the Class's accounts and interest in amount to be proven at trial.

58. Plaintiffs and the Class further seek an order of this Court proportionally disgorging all profits, benefits, and other compensation obtained by Defendants from its wrongful conduct.

## Fifth Claim for Relief
### Injunctive Relief

59. The FACTUAL ALLEGATIONS above are hereby incorporated by reference as if fully set forth herein.

60. Defendant an ongoing policy of double billing and double charging customers costing American consumers potentially millions of dollars in injuries.

61. This Court should issue an injunction immediately preventing them from further injuring consumers in the manner described herein, and requiring them to institute measures to prevent further injury.

## V.

## JURY TRIAL DEMANDED

62. Plaintiff respectfully requests trial by jury on all matters and issues triable to a jury under applicable federal and state law.

## VI.

## CONCLUSION AND PRAYER FOR RELIEF

63. Plaintiff and the Class pray for judgment against Defendants as follows:

   a. An order designating Plaintiff and Counsel as Interim Class Representative and Interim Lead Counsel;

   b. An order certifying the class and any appropriate subclasses and designating the Plaintiff as Class Representative;

   c. Damages together with interest thereon from the date of payment;

   d. Restitution and disgorgement of all ill-gotten gains from Defendant, together with interest thereon from the date of payment;

   e. Punitive damages;

   f. That the Court preliminarily and permanently enjoin Defendants from engaging in the conduct alleged herein;

   g. A declaration that Defendants are financially responsible for notifying all Class members of the pendency of this action;

   h. Reasonable costs and attorneys' fees;

   i. Statutory pre-judgment interest;

   j. All other injunctive and declaratory relief as may be appropriate;

   k. All other relief that the Court may deem is proper.

Respectfully submitted this 6th day of August, 2015.

                                            Counsel for the Plaintiff and the Class

                                            /s/ Michael F. Jameson
                                            Michael F. Jameson (BPR #014366)
                                            **MORGAN & MORGAN – NASHVILLE**
                                            810 Broadway, Suite 105
                                            Nashville, Tennessee 37203
                                            Phone: (615) 514-4201
                                            mjameson@forthepeople.com

                                            **STECKLER LLP**
                                            Mazin A. Sbaiti, Esq. (Pro Hac Vice pending)
                                            12720 Hillcrest Rd.
                                            Suite 1045
                                            Dallas, Texas 75230
                                            T: (972) 387-4040
                                            F: (972) 387-4041
                                            Mazin@StecklerLaw.com

                                            *Counsel for the Plaintiff*